# In the United States Court of Federal Claims

|                          |                          |
|--------------------------|--------------------------|
| THOMAS L. REMPFER,       |                          |
|     *Plaintiff,*         |                          |
| v.                       | No. 23-56C               |
|                          | (Filed: July 7, 2023)    |
| THE UNITED STATES,       |                          |
|     *Defendant.*         |                          |

*Dale Saran*, Dale F. Saran, LLC, Olathe, KS, for Plaintiff.

*William P. Rayel*, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

    Thomas L. Rempfer, a retired Air Force officer, claims he is legally entitled to the rank of colonel despite the fact that the Senate returned his nomination to the Air Force. Compl. ¶ 3, ECF. No. 1. Plaintiff argues that the Air Force "stonewall[ed]" his nomination and effectively interrupted the promotion process. *Id.* Mr. Rempfer sues for the active duty backpay and reserve officer retirement pay to which he would have been entitled if the Senate had confirmed his nomination. *Id.* ¶ 4.

    Before this Court is Defendant's Motion to Dismiss. Mot. to Dismiss ("Def.'s Mot."), ECF No. 9. Defendant seeks to dismiss Plaintiff's Military Whistleblower Protection Act claim for lack of subject-matter jurisdiction and to dismiss Plaintiff's other claims for failure to state a claim upon which relief can be granted. Def.'s Mot. at 2. For the reasons set forth below, Defendant's Motion is **GRANTED**, and this case is **DISMISSED without prejudice**.

## I.    Background

    Mr. Rempfer, then a lieutenant colonel in the Arizona Air National Guard, was passed over for a promotion in March 2011. Compl. ¶¶ 14–16. Plaintiff alleges the Air Force skipped his promotion due to improper and unlawful manipulation of the promotion process. *Id.*; *see* Pl.'s Ex. 6, ECF No. 1-6 (Letter from Air Force Inspector General's office substantiating complaint of "procedural violations" in the promotion process). Mr. Rempfer filed five complaints with the Air Force Inspector General during the promotion process, then continued to pursue the complaints for years afterward. Compl. ¶¶ 12, 17.

    He spent his last three years in the military (from June 1, 2012, to his retirement) on active duty. *Id.* ¶ 18. On June 1, 2015, Mr. Rempfer retired from the military at the rank of lieutenant colonel. *Id.* ¶ 18. By the time he retired, he had transferred from the Arizona Air National Guard to the Air Force Reserves. *Id.* ¶ 1 n.1.

Mr. Rempfer continued to appeal the 2011 denial of the promotion to colonel through the military bureaucracy for years after his retirement. *Id.* ¶ 18. In August 2018, the Air Force Board for the Correction of Military Records granted Mr. Rempfer the opportunity to have his case evaluated by a Special Selection Board ("SSB"). Pl.'s Ex. 7, ECF No. 1-7 at 1. The SSB evaluated Mr. Rempfer's case for a promotion to colonel as it should have appeared in 2011, curing for the procedural violations identified by the Inspector General. *Id.*

According to the SSB, Mr. Rempfer deserved the promotion to colonel. Pl.'s Ex. 9, ECF No. 1-9. Following this determination, the President nominated Mr. Rempfer for a promotion. Compl. ¶ 41. Although the Senate received his nomination on March 26, 2019, Pl.'s Ex. 20, ECF No. 1-20, the Senate returned it to the Air Force without action in early 2020.[1] Pl.'s Ex. 18 at 1, ECF No. 1-18; *see* Pl.'s Ex. 15 at 1, ECF No. 1-15 (January 6, 2020, email from Senate staffer describing the nomination's return as a procedural matter). According to Plaintiff, the Senate Armed Services Committee "asked [him] to attempt to pry the documents requested . . . out of [the Air Force]." Compl. ¶ 28. Notwithstanding this alleged effort, the Air Force "repeatedly delayed, created new requirements, and ultimately didn't send the necessary and requested paperwork to the Senate." *Id.* ¶ 30.

This time around, the Air Force declined to recommend Mr. Rempfer for renomination, because he was not "eligible or qualified to return to active service." Pl.'s Ex. 18 at 1. Rather than promote him, the Air Force "advanced" him to colonel on the Reserve Retired List. *Id.* This is more than semantics. Advancement to colonel by the Air Force is different than promotion to colonel by the Senate. Pl.'s Ex. 19, ECF No. 1-19 (Memorandum for Chief of Air Force Reserve stating that advancement on the Retired Reserve List is not subject to the Constitution's Appointments Clause). Importantly, one difference is that advancement on the Retired Reserve List does not make an officer eligible for the pay and benefits of the higher rank. *Id.*

Mr. Rempfer now seeks additional, "high-three" average pay as if he had been promoted to colonel. *See* Compl. ¶ 17. When calculating base retirement pay, the military will average the highest thirty-six months of basic pay. 10 U.S.C. § 1407. Here, this average would amount to approximately $70,000 due in active duty military backpay, $108,000 in retirement backpay, allowances, and "any other emoluments to which he was entitled." *Id.*

## II.   Procedural History

Plaintiff filed suit in this Court on January 17, 2023. Defendant moved to dismiss on April 10, 2023. Plaintiff responded on May 8, Resp., ECF No. 10, and Defendant replied on May 22, Reply, ECF No. 11.

---

[1] Well over 100 nominations were returned to the President without action at the beginning of the Senate's 2020 session. 166 Cong. Rec. S9–10 (daily ed. Jan. 3, 2020). Plaintiff's nomination was one of two from the Air Force to be returned. *Id.* Neither was renominated by the President. Nomination of Robert B. Goss, https://www.congress.gov/nomination/116th-congress/870 [https://perma.cc/WZ4U-2SXG].

**III.     Standard of Review and Jurisdiction**

Plaintiff brings three counts.  One count is dismissed for lack of jurisdiction over the Military Whistleblower Protection Act ("MWPA").  The other two counts are dismissed for failure to state a claim upon which relief can be granted.

**A.     Rule of the Court of Federal Claims ("RCFC") 12(b)(1) Motion to Dismiss**

Defendant does not contest this Court's subject-matter jurisdiction to hear Counts I and II under the Military Pay Act.  *See* Def.'s Mot. at 2–3.  This Court has jurisdiction over claims against the United States based on "money-mandating" sources of law.  *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006); 28 U.S.C. § 1491(a)(1) (granting jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department").  The Military Pay Act is money-mandating, and claims brought under it are within this Court's jurisdiction.  *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) ("In the context of military discharge cases, the applicable 'money-mandating' statute that is generally invoked is the Military Pay Act.").

Mr. Rempfer also brings one count under the MWPA.  Compl. ¶ 57.  He asserts that the Air Force's "actions ensured that a substantiated military whistleblower didn't get the thorough and fitting relief he merited.  The [Air Force's] actions undermine the entire purpose of the Military Whistleblower Act."  *Id.* (quotation marks omitted).  However, this Court does not have subject-matter jurisdiction over the MWPA.  *See Nicely v. United States*, 23 F.4th 1364, 1367 (Fed. Cir. 2022) (holding that the Court of Federal Claims lacks jurisdiction over the MWPA because it "is not a money-mandating statute"); *Lewis v. United States*, 476 F. App'x 240, 244 (Fed. Cir. 2012) (affirming Court of Federal Claims' dismissal of whistleblower claims for lack of jurisdiction); *see also Hernandez v. United States*, 38 Fed. Cl. 532, 536–37 (1997) (The statute "says nothing that can be construed as a guarantee to money, it merely provides for 'such action . . . as is necessary to correct the record of a personnel action prohibited by [the statute].'  10 U.S.C. § 1034(f)(5).  Thus, the language of the statute does not mandate paying a complainant monetary damages.").

Plaintiff concedes that the MWPA "on its own has been ruled by this Court's precedents not to be money-mandating."  Resp. at 15 (emphasis removed).  Plaintiff tries to extricate himself from this concession by arguing that jurisdiction over the Military Pay Act, 37 U.S.C. § 204, somehow grants supplemental authority over his MWPA claims.  *Id.*  On the contrary, plaintiffs must preponderantly prove jurisdiction for every claim.  *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998) ("[I]t is the duty of a federal court to examine its jurisdiction over every claim before it assumes jurisdiction over the claim.").  Extra-jurisdictional claims cannot survive a motion to dismiss merely because the Court has jurisdiction over a legally distinct but factually related claim.  *See Diaz v. United States*, 156 Fed. Cl. 270, 279 (2021) (holding that 28 U.S.C. § 1367, which grants federal district courts supplemental jurisdiction over factually related claims, does not apply to the Court of Federal Claims).  Therefore, Count III of Mr. Rempfer's Complaint is dismissed for lack of jurisdiction.

      **B.**     **RCFC 12(b)(6) Motion to Dismiss**

Cases are dismissed for failure to state a claim upon which relief can be granted if the facts asserted by the plaintiff would not entitle him to relief under the law. *Perez v. United States*, 156 F.3d 1366, 1370 (Fed. Cir. 1998); *see* RCFC 12(b)(6). The Court assumes that all well-pled facts are true and makes all reasonable inferences in favor of the non-movant. *See id.* The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV.   Discussion

Plaintiff fails to state a plausible claim for relief for three reasons. First, he cannot be entitled to a colonel's pay when he did not meet a legal requirement for promotion. Second, Plaintiff does not identify any statute or regulation that the Air Force may have violated. Finally, his claims relating to Air Force interference in the Senate confirmation process are non-justiciable.

      **A.**     **Plaintiff Is Not Legally Entitled to a Colonel's Pay Because He Is Not Legally Entitled to the Rank of Colonel.**

The law on military pay is fairly straightforward: a service member is entitled to pay at the rank to which he was appointed and in which he served. *Smith v. Sec'y of the Army*, 384 F.3d 1288, 1294 (Fed. Cir. 2004).[2] There are only two exceptions to this rule: a clear-cut legal entitlement to the promotion or involuntary discharge. *Id.* Neither one applies.

The first exception probes whether the servicemember "satisfied all the legal requirements for promotion." *Id.* at 1295. If the answer is yes, the servicemember is legally entitled to the promotion notwithstanding the military's non-promotion decision. *Id.* Here, the answer is no.

Plaintiff failed to satisfy a key legal requirement for promotion: confirmation by the Senate. *See* 10 U.S.C. § 12203(a) ("Appointments of reserve officers in commissioned grades above lieutenant colonel and commander shall be made by the President, by and with the advice and consent of the Senate," with exceptions not relevant here.). Plaintiff claims that he has a legal entitlement to the rank of colonel because the Air Force advanced him to that rank on the Reserve Retired List after his failed Senate confirmation. Resp. 10. But advancement on the Reserve Retired List is not the same as promotion with Senate confirmation. One difference is that advancement does not "serve as a basis for re-computation of military retired pay or entitle the member to back pay." Pl.'s Ex. 18 at 2.

---

[2]    Plaintiff claims that *Smith* "is not the law in this court," Resp. at 8, but *Smith*'s holding on when the Military Pay Act provides a remedy (rather than when this court has jurisdiction) remains good law. *See Tippett v. United States*, 98 Fed. Cl. 171, 179 n.10 (2011); *Reilly v. United States*, 93 Fed. Cl. 643 (2010) (citing *Smith* for its merits analysis of a Military Pay Act claim after its jurisdictional holding had been overturned).

Advancement on the Reserve Retired List could not have applied retroactively to Mr. Rempfer's time on active duty. Promotion to colonel—and the relevant pay—can only come from Presidential nomination and Senate confirmation. 10 U.S.C. § 12203. Advancement by the Air Force does not skirt that requirement. As such, he is not entitled to the backpay associated with that rank.

The same is true for retirement pay. Retirement pay is based upon the officer's highest rank before retirement. *See* 10 U.S.C. § 1370a(a) (providing that an officer may "be credited with satisfactory service in the highest permanent grade in which that person served satisfactorily at any time in the armed forces."). Post-retirement advancement to colonel does not change Mr. Rempfer's pre-retirement status as a lieutenant colonel. Because Mr. Rempfer has no legal entitlement to the promotion to colonel, he cannot claim the first exception laid out in *Smith*.

The second exception allows the victim of an illegal separation to serve "at his previous rank" and receive backpay. *Smith*, 384 F.3d at 1295. Mr. Rempfer cannot claim this exception. He retired at the mandatory separation date for his "previous rank" of lieutenant colonel. Compl. ¶ 18 n.3. A lieutenant colonel's retirement at the statutorily mandated retirement date is not an illegal separation that provides grounds for relief. *See Smith*, 384 F.3d at 1296 (finding that a lieutenant colonel's mandatory retirement was not an illegal separation, even if officer was previously improperly denied a promotion to colonel); *Koster v. United States*, 685 F.2d 407, 413 (Ct. Cl. 1982) (finding the same for a brigadier general passed over for promotion to major general). Neither *Smith* exception vindicates Mr. Rempfer's request.

### B. Plaintiff Fails to Identify a Violation of Statute or Regulation.

Plaintiff alleges that the Air Force violated a series of statutes and regulations by withholding documents. Compl. ¶ 4; Resp. at 12–13. Mr. Rempfer also claims that the Air Force sabotaged his Senate confirmation process by taking too long to respond to Senate Armed Services Committee requests for supplemental information related to his service record. Resp. at 2. Senate staff requested information about Mr. Rempfer's personnel records and his situation in June 2019. Pl.'s Ex. 11, ECF No. 1-11. As late as November 20, 2019, the Air Force had not transmitted the required documents to the Pentagon office that would then send the documents to the Senate. Pl.'s Ex. 14 at 4, ECF No. 1-14. As such, he blames the Air Force and argues that the Senate never effectively considered his nomination. Resp. at 3.

Yet neither statute nor regulation required the Air Force to follow a particular procedure to respond to the Senate's supplemental requests for information. Although nowhere in his Complaint, Plaintiff argues in his Response that Department of Defense Instruction ("DoDI") 1320.04 requires the Air Force to provide paperwork to the Senate. Resp. at 12–13. This argument fails. While DoDI 1320.04 ¶ 3 and Enclosure 3 ¶ 4b require submission of "adverse and reportable information" in response to requests for information from the Senate Armed Services Committee, these dictates do not apply to "nominations to the grade of O6B," including the nomination here. DoDI 1320.04, Encl. 6, ¶ 2a(1).[3] For Mr. Rempfer, the military "need not report adverse or reportable information." *Id.* at Encl. 6, ¶ 2(a)(2). The sole, inapplicable

---

[3]    O6B means O-6 and below and includes the rank of colonel.

exception applies to "extraordinary cases" with "significant media attention." *Id.* at Encl. 6, ¶ 2a(2)(a)–(b).

DoDI 1320.04 does not require the Air Force to act on Mr. Rempfer's confirmation. The instruction includes ten enclosures to detail the promotion process for certain military officers. Enclosure 3 covers the "overarching procedures, restrictions, allocations, and requirements." *Id.* ¶ 5. Plaintiff relies on the word "requirements." But this prefatory descriptor is not enough to transform Enclosure 3 into a rulebook. Indeed, Mr. Rempfer fails to identify a single requirement within Enclosure 3.

For instance, nothing in the language of paragraph 4(c) creates a requirement for the Air Force to send information to the Senate. Instead, the paragraph merely instructs the Air Force to forward requests from the Senate to Officer and Enlisted Personnel Management, an office within the Defense Department. *Id.* at Encl. 3, ¶ 4(c) ("The [Air Force] will forward to [Officer and Enlisted Personnel Management] from the Senate . . . any inquiry concerning a military officer personnel action.").

Nor does paragraph 1(b)(2)(A) help Mr. Rempfer. This component requires the Secretary of the Air Force to submit a "certification that the officer[] . . . meet[s] the exemplary conduct provisions" to the Secretary (or Deputy Secretary) of Defense. *Id.* at Encl. 3, ¶ 1(b)(2). Nary a word on the Senate.

Plaintiff also cites paragraph 9. This provision "discuss[es] how packages can be uploaded to an online portal and in what format the electronic file must be." Resp. at 13 (citing Encl. 3, ¶ 9). Paragraph 9 only applies to "nomination packages containing three or more names." Encl. 3, ¶ 9. Mr. Rempfer's package contained only his name. Ex. 20, ECF No. 1-20. However, even if it had not, the provision applies to the initial nomination package that is sent to the Senate, Encl. 3, ¶ 9, not to the follow-up information requests from the Senate that the Air Force took months to answer. Therefore, paragraph 9 could not have applied to this situation.

### C.     Plaintiff's Claims of Air Force Interference Are Non-Justiciable.

Even if Plaintiff could identify a statute or regulation that the Air Force violated, his claim would be non-justiciable. The Senate's discretionary decision whether to confirm a nominee is unreviewable, as is the President's discretionary decision not to re-nominate. In addition, Plaintiff does not identify any remedy this Court could provide as relief to the Air Force's actions. Finally, Plaintiff unsuccessfully proposes that Federal Circuit case law renders his claim justiciable. He is mistaken.

#### 1.     Appointment Decisions by the Senate and President Are Unreviewable.

This Court cannot remand to the President or the Senate. The Senate's decision to return Mr. Rempfer's nomination without action and the President's decision not to renominate him are unreviewable. *See Dysart v. United States*, 369 F.3d 1303, 1316 (Fed. Cir. 2004) ("[The decision to appoint] by the President or an officer acting for the President is simply unreviewable . . . . [T]he President . . . may remove an officer's name from a promotion list at any time before the appointment is consummated." (citation and quotation marks removed)); *accord Fed'l Election Comm'n v. NRA Political Victory Fund*, 6 F.3d 821, 825 (D.C. Cir. 1993)

6

("[U]nder its Advice and Consent authority the Senate may reject or approve the President's nominees for whatever reason it deems proper."); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 166–67 (1803) ("The power of nominating to the [S]enate, and the power of appointing the person nominated, are political powers, to be exercised by the President according to his own discretion."). Moreover, if the Senate wished to confirm Mr. Rempfer, it could have done so without the requested documentation. The Senate was under no obligation to consider specific documents with his nomination. *See* 10 U.S.C. § 12203; U.S. CONST. art. 2, § 2.

### 2. No Remedy Is Available to Cure the Air Force's Decision.

In addition, the claims are non-justiciable because no remedy is available. Military promotion cases are justiciable only if a remedy (typically remand) exists to correct the military's procedural error. *See Adkins v. United States*, 68 F.3d 1317, 1327 (Fed. Cir. 1995) (remand available for Army Secretary to review administrative board's promotion recommendation according to statutorily-defined factors); *Barnes v. United States*, 473 F.3d 1356, 1361 (Fed. Cir. 2007) (remand available if military used improper procedure to remove plaintiff from promotion list); *see Lewis v. United States*, 458 F.3d 1372, 1377 (Fed. Cir. 2006) (remand available to correct procedural error in removal from promotion list and subsequent Board of Correction for Naval Records decision); *Fisher v. United States*, 402 F.3d 1167, 1177 (Fed. Cir. 2005) (remand available for procedural error by Air Force Board for the Correction of Military Records). Where no remedy is available, the case is non-justiciable. *Murphy v. United States*, 993 F.2d 871, 872 (Fed. Cir. 1993) (quoting *Baker v. Carr*, 369 U.S. 186, 198 (1962)) ("Justiciability is distinct from jurisdiction; it depends on 'whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded.'").

Here, Plaintiff fails to identify an appropriate remedy. Mr. Rempfer asks this Court to grant him a promotion to colonel, active duty backpay, and increased retirement pay. Compl. ¶¶ 43, 51, 58. This Court cannot itself promote Plaintiff, even if he could prove some legal wrong in the promotion process. *Adkins*, 68 F.3d at 1324; *Doggett v. United States*, 207 Ct. Cl. 478, 482 (1975) ("We have repeatedly refused to interject ourselves into the discretionary military promotion process even if legal error was in some respect committed as to the complaining serviceman."); *see Sargisson v. United States*, 913 F.2d 918, 922 (Fed. Cir. 1990) ("A court lacks the special expertise needed to review reserve officers' records and rank them on the basis of relative merit."); *Mercer v. United States*, 52 Fed. Cl. 718, 721 (2002) ("This Court does not have direct authority to promote Plaintiff to the rank of Lieutenant Colonel."). On this count, Plaintiff has no recourse before the Court of Federal Claims.

Mr. Rempfer's claims for active duty backpay and retirement pay are similarly non-justiciable. If this Court cannot grant him the promotion to colonel, it cannot grant him a colonel's pay. *See Smith*, 384 F.3d at 1294 ("[I]n a challenge to a decision not to promote, the Military Pay Act ordinarily does not give rise to a right to the pay of the higher rank for which the plaintiff was not selected."); *United States v. Testan*, 424 U.S. 392, 402 (1976) ("The established rule is that one is not entitled to the benefit of a position until he has been duly appointed to it."). Because Plaintiff has no legal entitlement to the rank of colonel, *supra* Part IV-A, the Court cannot grant him military pay. Here, there are no solutions by way of remedy; his claims against the Air Force are non-justiciable.

For the same reason, the claim of bad faith that Mr. Rempfer implies in his Complaint fails. *See* Compl. ¶¶ 48–49, 53, 57. This Court can review whether an "administrative decision" in a military pay case was made in "bad faith." *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983); *Marshall v. United States*, 164 Fed. Cl. 580, 590 (2023). Neither the Court of Federal Claims nor the Federal Circuit has fully defined how to rebut the assumption of good faith within the specific context of military pay cases. However, in other contexts, plaintiffs may prove bad faith by government actors with "clear and convincing evidence" of "some specific intent to injure the plaintiff." *Galen Med. Assocs., Inc. v. United States*, 369 F.3d 1324, 1330 (Fed. Cir. 2004) (government contracts bidding process); *see Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1239–40 (Fed. Cir. 2002) (duress claim arising out of the performance of a government contract); *Torncello v. United States*, 681 F.2d 756, 770 (Ct. Cl. 1982) (en banc) (government's termination of a contract); *Gandola v. Fed. Trade Comm'n*, 773 F.2d 308, 312 (Fed. Cir. 1985) (agency decisions about headcount reductions).

But the allegations of bad faith, even if true, would still not entitle Mr. Rempfer to any relief from this Court because the bad faith claim is not related to any "administrative decision" by the Air Force. *See Heisig*, 719 F.2d at 1156. Rather, the decision about which Mr. Rempfer complains is the Senate's lawful exercise of discretion.

### 3.   *Dysart* Does Not Apply.

Finally, Plaintiff cannot salvage his case with Federal Circuit precedent. He argues that *Dysart*, 369 F.3d 1303, saves the day. Resp. at 10. As he reads it, *Dysart* permits this Court to grant him the pay owed to a colonel even after he failed to secure Senate confirmation:

> [R]edress may be afforded for a promotion improperly denied. It is apparently assumed that the constitutionally-mandated steps in the appointment process—nomination, confirmation, and actual appointment—would be followed absent *improper action by subordinate officials*, and that the rare exercise of Presidential (or Senate) discretion not to make the appointment creates no Article III bar to the action in the Court of Federal Claims.

*Dysart*, 369 F.3d at 1315 (emphasis added).

If a Senate confirmation flounders due to "improper action by subordinate officials," Plaintiff argues *Dysart* endorses court-granted promotions. Resp. at 10. Here, he continues, the Air Force's withholding of information constitutes "improper action by subordinate officials." *Id.* The remedy would be promotion.

Plaintiff misreads precedent. Specifically, he misinterprets "improper action by subordinate officials." *Id.* Plaintiff suggests this includes malicious behavior by military bureaucrats. *See id.* at 11. Yet the Federal Circuit later clarified that *Dysart* referred specifically to "an appointment that was denied by a subordinate official, as a result of an improper construction of the Constitution, a statute, or a regulation." *Lewis*, 458 F.3d at 1378. The *Dysart* court acknowledged that no judicial remedy was available where the President made a discretionary decision because "subordinate officials had failed to comply with legal requirements." *Dysart*, 369 F.3d at 1317; *see Dalton v. Specter*, 511 U.S. 462, 476–77 (1994) (finding that where the President is given discretion by statute, the reports and information that

8

led to the decision are unreviewable).  The Senate has the same discretion.  *NRA Political Victory Fund*, 6 F.3d at 825.  Because Plaintiff here pleads only that the actions of Air Force officials influenced a decision that was committed to discretion by law, no remedy is available.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.  This case is **DISMISSED without prejudice**.  The Clerk of the Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                        s/ Carolyn N. Lerner
                                       CAROLYN N. LERNER
                                       Judge